**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000328
07-FEB-2019
07:52 AM**

NO. CAAP-17-0000328

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
SHANE K. IOANE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-16-04180)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Hiraoka, JJ.)

Defendant-Appellant Shane K. Ioane appeals from the Amended Judgment and Notice of Entry of Amended Judgment filed on March 17, 2017, in the District Court of the First Circuit, Honolulu Division ("District Court").[1] The District Court convicted Ioane of excessive speeding, in violation of Hawaii Revised Statutes section 291C-105(a)(1).[2]

On appeal, Ioane contends that the District Court erred in admitting the speed reading of Honolulu Police Department Officer Russell Maeshiro's UltraLyte laser gun because the State failed to establish that: (1) the laser gun was tested according to the manufacturer's recommended procedures and found to be working properly; and (2) the nature and extent of Officer Maeshiro's training in the use of the laser gun met the manufacturer's requirements.

---

[1] The Honorable Blake T. Okimoto presided.

[2] "No person shall drive a motor vehicle at a speed exceeding . . . [t]he applicable state or county speed limit by thirty miles per hour or more[.]" Haw. Rev. Stat. § 291C-105(a)(1) (2007).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ioane's points of error as follows.

(1) In support of his first point of error, Ioane contends that the District Court erred in admitting the speed reading of Officer Maeshiro's laser gun because Officer Maeshiro's testimony "regarding the contents of the [Laser Technologies, Inc. ("LTI") UltraLyte training and operators' manual ("Manual")] was inadmissible hearsay"; Officer Maeshiro's testimony violated the best evidence rule because the contents of the Manual was the best evidence; and Officer Maeshiro "lacked personal knowledge as to who recommended the four tests in the manual" because "it was never established that the manual in question was in fact issued by the manufacturer of the UltraLyte laser." Ioane waived each of these specific challenges, however, when he failed to raise them at trial.[3/] *See State v. Vliet*, 91 Hawaiʻi 288, 298-99, 983 P.2d 189, 199-200 (1999) (noting that Hawaiʻi Rules of Evidence Rule 103(a)(1) requires a "specific" objection if the ground is not apparent from the context, and holding that "[w]aiver will also occur when the trial objection, properly overruled, differs from that pressed on appeal." (emphasis omitted) (quoting *Tabieros v. Clark Equip. Co.*, 85

---

[3/]     The only objection to which Ioane points in his opening brief was to a foundational objection to the speed reading, which addressed servicing and accuracy of the self-testing of the device:

> [PROSECUTOR]: Okay. And what was the speed reading at issue?
>
> [DEFENSE]: Again, Your Honor, we would be objecting based on lack of foundation. While I understand that . . . Officer Maeshiro is qualified to operate said laser gun, we're . . . objecting based on the fact that this laser gun, yes, it self-tests, but whether or not the self-test is accurate. When was the last time that this laser was serviced? What was the standard deviation of the results? What -- I mean, back in 2013, was that the same laser that they used back then, nearly more than a--how many years ago, I mean, how many--
>
> THE COURT: Objection is overruled. It goes to weight.
>
> [PROSECUTOR]: . . . Go ahead. You can answer.
>
> [OFFICER MAESHIRO]: Sixty-eight miles per hour.

Hawai'i 336, 379 n.29, 944 P.2d 1279, 1322 n.29 (1997))); *State v. Wallace*, 80 Hawai'i 382, 410, 910 P.2d 695, 723 (1996) (noting that "an issue raised for the first time on appeal will not be considered by the reviewing court" (quoting *State v. Naeole*, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980))).[4/]

Therefore, Ioane waived the aforementioned specific challenges to the admission of the speed reading.

(2) In support of his second point of error, Ioane contends that the District Court erred in admitting the speed reading because Officer Maeshiro's testimony about the nature and extent of his training was insufficient to show that his training met the manufacturer's requirements; Officer Maeshiro's testimony about the trainer card he saw from his trainer, Corporal Robert Steiner, "constituted inadmissible hearsay and violated the best evidence rule"; "there was almost no testimony about the specific training requirements set forth by the manufacturer"; and Officer Maeshiro's testimony constituted hearsay and violated the best evidence rule.

Ioane waived his argument that the State failed to prove that the nature and extent of Officer Maeshiro's training in the operation of the UltraLyte speed detection device met LTI's requirements. Although Ioane objected to the District Court's admission of the speed reading on the basis that the State had allegedly not introduced testimony concerning the servicing and testing of the device at trial, he did not object on the basis of Officer Maeshiro's training; that Corporal Steiner was qualified to provide training on the UltraLyte device; or LTI's recommended training on the device. In fact, at trial, Ioane's counsel conceded that "Officer Maeshiro is qualified to operate said laser gun[.]"

Finally, as noted above, Ioane waived his arguments that the District Court erred in admitting testimony by Officer

---

[4/] As to Ioane's specific characterization of the first point of error, that the State failed to establish that the laser gun was tested in accordance with the manufacturer's recommended procedures and found to be working properly, Officer Maeshiro testified at trial, without objection, that he determined that the device was operating properly prior to obtaining the speed reading by testing it in accordance with the LTI manual that he received in his training.

Maeshiro because it was hearsay, violated the best evidence rule, and/or was not based on the officer's personal knowledge.  At trial, Ioane did not object to the testimony on those bases.

Therefore, the Amended Judgment and Notice of Entry of Amended Judgment, filed on March 17, 2017, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, February 7, 2019.

On the briefs:

Justine N. Chmielewski,
Deputy Public Defender,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge